### THOMAS *et al. v.* WHITLEGGE.

*(Common Pleas of New York City and County, General Term.* May 6, 1891.)

1. APPEAL—DISTRICT COURT—AMENDMENT OF RETURN.

Where a justice of a district court avails himself of an order to show cause why his return on an appeal should not be amended, the amended return, when made, cannot be vacated because of fraud or irregularity in the procurement of the order; the remedy of the party aggrieved being to move for a further amended return, or to proceed against the justice for a false return.

2. SAME—ALTERNATIVE ORDER—EX PARTE AMENDMENT.

A justice of a district court may, of his own motion, make an amended return to an appeal before the return-day of an order directing him to amend the return, or show cause against the same, and the same will not be an adjudication of the order in advance, in favor of the party procuring the order.

3. SAME—ORDER TO SHOW CAUSE—WHEN RETURNABLE.

Under Code Civil Proc. N. Y. § 780, which provides that notice of a motion or other proceeding before a judge must be served at least eight days before the time of hearing, an order requiring a justice of the district court to amend a return to an appeal or show cause cannot be objected to as irregular when made returnable more than eight days from the day of its date.

Appeal from special term.

Action by Rowland W. Thomas and others against James H. Whitlegge. On the 9th day of March, 1891, the defendant's attorney, upon his affidavit, procured an "order to show cause," directing the justice to amend the return filed by him to an appeal, by striking therefrom certain matters, and by inserting additional matter therein, or that he show cause, etc. The order to show cause was applied for and issued on the 9th of March, and contained a provision requiring the order and affidavit to be served on appellant's attorney on or before the 14th day of March, the return-day being the 18th day of March. The amended return of the justice was filed on March 13th, he having availed himself of the alternative direction to show cause. Code Civil ·Proc. N. Y. § 780, provides that notice of a motion or other proceeding before a judge shall be served at least eight days before the time appointed for the hearing.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Geo. W. Wilson,* for appellant.    *J. E. Eustis,* for respondents.

PER CURIAM. In *Zabriskie* v. *Wilder,* 12 Daly, 527, it was held by this court at special term that the justice could not make a supplementary return amending or altering his original return without applying to this court for leave, in order that notice might be given to the parties, so that neither would be surprised when the case came on for argument. The right of the justice, upon his own motion, to make such supplementary return by leave of the court, was not questioned. Where one party obtains an order to show cause requiring the justice to amend his return in certain particulars, or show cause to the contrary, the justice is authorized to immediately file a return so amended, without waiting for a final order upon the motion, if the facts, in his judgment, require such amendment. He has the leave of the court to do so, and the service of the order to show cause upon the other party to the action, even after the amended return is filed, (but before the return-day, of course,) is sufficient notice to such other party, whose duty it is to attend upon return-day to hear the answer of the justice to the application, and who cannot, therefore, be surprised by the amendment. Here the justice availed himself of the leave given by the order to show cause and filed the amended return. The opposite party, having heard of it, moved to set aside the order to show cause, and also to set aside the amended return, on the ground that the order was irregular, and grants a contested motion *ex parte,* and was fraudulently obtained. Whatever irregularity or fraud there might be in obtaining the order, it could not affect the return made by the justice, who is required to look no further than the order granting him permission to make

an amended return, and to the justice and propriety of the amendment which he was authorized to make; so that, even if the order were vacated for irregularity or fraud, the amended return could not be vacated. The remedy of the party aggrieved is to move for a further amended return, or to proceed against the justice for a false return. 'The order was not irregular. It is a practice to institute the proceeding to procure an amended return by an order to show cause in the alternative; 'and, as the order was not returnable in less than eight days, it was not irregular in the particular respect complained of. The order did not decide the motion in advance. The fact that the justice was given leave to comply with the alternative portion of the order was not an adjudication by the court upon a contested motion. If the justice complied, there was no contest, so far as he was concerned; and there was no adjudication against appellant, because he cannot contest this question with the justice upon the motion. The justice has the right to amend his return by leave of the court upon notice. The order must be affirmed.